**In re K.I.T. MOTOR EXPRESS, INC. and Transport Leasing Services, Inc., Debtors.**

**Helen LUCIER, Trustee, Plaintiff,**

**v.**

**KUHLMAN ELECTRIC COMPANY, Defendant.**

**Bankruptcy No. 3–85–00779.**
**Adv. No. 3–87–0072.**

United States Bankruptcy Court, W.D. Kentucky.

Feb. 27, 1989.

F. Larkin Fore, Louisville, Ky., for debtor.

Helen Lucier, Trustee, Charles R. Keeton, Louisville, Ky., for trustee.

Daniel F. Gosch, Detroit, Mich., for Kuhlman Elec. Co.

MEMORANDUM–OPINION

J. WENDELL ROBERTS, Chief Judge.

This adversary proceeding comes before the Court on cross-motions of the plaintiff, Helen Lucier ("Trustee"), and the defendant, Kuhlman Electric Company ("Kuhlman"), for summary judgment, pursuant to Fed.R.Civ.Pro. 56 and Fed.R.Bank.Pro. 7056. Briefs in support of the parties' respective positions have been filed and reviewed by this Court. For the reasons set forth below, we conclude that the Trustee's motion for summary judgment

must be overruled and Kuhlman's motion for summary judgment must be sustained.

The facts which gave rise to this adversary proceeding are as follows. For many years K.I.T. Motors Express, Inc. ("K.I.T.") served as the primary freight carrier for Kuhlman Electric Company. When the president of K.I.T., William Knight, died in February of 1985, his son-in-law, Joel Field, stepped in and attempted to resume the trucking operations of the company. Unfortunately, Mr. Field's efforts proved unsuccessful and on April 11, 1985, the company filed a Chapter 7 bankruptcy petition.

Prior to K.I.T.'s bankruptcy filing, on March 13, 1985, Mr. Field met with the President of Kuhlman, K.R. Zehnder, to discuss arrangements for the repayment of two particular claims Kuhlman had against K.I.T. First, Kuhlman had asserted a claim against K.I.T. for goods damaged in transit and the parties ultimately agreed that Kuhlman would deduct the balance due on the damage claim, which amounted to $14,812.69, from funds owed to K.I.T. by Kuhlman for other services rendered by K.I.T. Further, K.I.T. had overcharged Kuhlman under the terms of various tariff structures and the parties agreed that Kuhlman would also deduct this obligation in the amount of $26,106.72 from funds due K.I.T. Based on this agreement, Kuhlman issued a check to K.I.T. in the amount of $61,223.29, representing the net amount due K.I.T. after making the two deductions which totalled $40,919.41.

Subsequent to K.I.T.'s bankruptcy filing, the Trustee filed this adversary proceeding against Kuhlman seeking to recover the $40,919.41, as a preferential transfer pursuant to 11 U.S.C. § 547(b). In its motion for summary judgment, Kuhlman takes the position that since it was merely exercising its rights of setoff when it deducted the $40,919.41 from the check it issued to K.I.T., no 'transfer' of property took place and, therefore, the provisions of 11 U.S.C. § 547(b) are inapplicable. The Trustee responded by filing her own motion for summary judgment arguing that Kuhlman failed to properly exercise its right of setoff and, therefore, should be precluded from asserting this right. The Trustee contends that "Kuhlman simply acted pursuant to K.I.T.'s authorization and effected a preferential transfer to itself." (Trustee's brief at page 9)

Motions for summary judgment are properly sustained only where there exist no genuine issues of material fact, entitling a party to judgment as a matter of law. The facts are to be construed in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Since the material facts in this case remain undisputed, and the parties had so agreed by their respective motions for summary judgment, we find summary judgment appropriate.

The logical starting point in our analysis is a determination as to whether a setoff occurred in this case. If the Court concludes that such a setoff took place, then it is well settled that the preference test under § 547 cannot be satisfied since a 'transfer' of property is not defined as including the act of setoff. 11 U.S.C. § 101(50); *In re Balducci Oil Co., Inc.*, 33 B.R. 847 (Bankr.D.Col.1983); *In re Brooks Farms*, 70 B.R. 368 (Bankr., E.D.Wis.1987).

The right of setoff is a long standing common law doctrine which has been preserved in bankruptcy under § 553 of the Bankruptcy Code, with certain exceptions and limitations. Under § 553(a), a creditor's right to setoff is established by showing:

(1) a pre-petition debt owed by the creditor to the debtor;

(2) a pre-petition claim owed by the debtor to the creditor; and

(3) mutuality of the debt and the claim

*In re Brooks Farms*, 70 B.R. 368 (Bankr., E.D.Wis.1987); *In re Morristown Lincoln–Mercury, Inc.*, 42 B.R. 413 (Bankr., E.D. Tenn.1984). Here, the Trustee does not take issue with whether or not the necessary elements of § 553 have been satisfied. In fact, there is no question in the Court's

mind that all the elements have been met. The Trustee's sole objection is premised on the notion that before a creditor can seek the protection of its setoff rights under § 553, it must first prove that a valid setoff existed under common law. The Trustee contends that the transaction between K.I.T. and Kuhlman did not constitute a valid setoff and, therefore, the provisions of § 553 are simply inapplicable.

While the Code fails to define the word 'setoff', the Supreme Court in the case of *Studley v. Boylston Bank*, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313 (1913) discussed the right of setoff as follows:

> "... it represents the right which one party has against another to use his claim in full or partial satisfaction of what he owes to the other. That right is constantly exercised by businessmen in making book entries whereby one mutual debt is applied against another."

In the case of *Baker v. National City Bank of Cleveland*, 511 F.2d 1016 (6th Cir.1975) a bank attempted to setoff a railroad depositor's funds against the depositor's debt to the bank. In determining whether a setoff had occurred, the Court set forth the following three part test:

> (1) a decision to exercise the right;
> (2) some action which accomplishes the setoff; and
> (3) some record which evidences that the right of setoff has been exercised.

*Id.* at 1018.

The *Baker* court found that although the bank had the intent to setoff, it failed to take affirmative action to effectuate the setoff before the court ordered deadline and thus, the setoff was found to be ineffective.

▮ In this case, the Trustee attempts to convince this Court that the alleged setoff that took place between K.I.T. and Kuhlman should fail for lack of the first element. Trustee argues that Kuhlman did not 'decide' to exercise the right of setoff, but rather, was simply authorized by K.I.T. to make the setoff. The Court is hard pressed to accept such an interpretation of the parties' agreement. Representatives from K.I.T. and Kuhlman met in person on the morning of March 13, 1985 to discuss repayment of the two claims Kuhlman had against K.I.T. From that meeting came an agreement between both parties to offset the two claims against monies owed to K.I.T. by Kuhlman for other services rendered. The Court shall not preclude the establishment of a setoff simply because the record does not reflect Kuhlman's express desire to exercise his rights of setoff. The fact that the parties reached an agreement to effectuate the setoff and, in fact, the record reflects that the setoff actually took place is sufficient in the Court's view to find the existence of a valid right of setoff.

Accordingly, it is not necessary for the Court to consider the Trustee's contention that the $40,919.41 deduction constituted a preferential transfer pursuant to § 547 of the Code. Kuhlman has exercised a valid setoff, and its motion for summary judgment dismissing the trustee's complaint is sustained. The Trustee's motion for summary judgment is overruled.

An order consistent with this opinion will be entered this day.

This Memorandum–Opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.Pro. 7052.

## ORDER

Pursuant to the attached Memorandum–Opinion,

IT IS ORDERED that the defendant, Kuhlman Electric Company's, motion for summary judgment be, and hereby is, SUSTAINED.

IT IS FURTHER ORDERED that the plaintiff Trustee's motion for summary judgment be, and hereby is, OVERRULED.

This is a final and appealable order and there is no just cause for delay.